Patrick M. Brady, WSB # 7-5494
Kay Lynn Bestol, WSB# 5-2949
2020 Carey Ave, Suite 301
Cheyenne, WY  82001
307.632.6421 (voice)
307.432.6124 (Direct Number)
307.632.7216 (fax)
pbrady@spkm.org
kbestol@spkm.org
*Attorneys for Plaintiff*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2023 NOV 30  PM 4: 33

MARGARET BOTKINS, CLERK
CHEYENNE

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE COMPANY, a Wyoming Insurance Company,<br><br>  Plaintiff,<br><br>vs.<br><br>KEEGAN MCVEIGH<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 23-CV-226-J<br>)<br>)<br>)<br>) |

### COMPLAINT

**COMES NOW** the Plaintiff, Mountain West Farm Bureau Mutual Insurance Company ("MWFB"), by and through its undersigned attorneys, and for their Complaint against the Defendant, Keegan McVeigh do hereby state and allege as follows:

A.  PARTIES, JURISDICTION AND VENUE

1. MWFB is a mutual insurance company, organized and existing under the laws of Wyoming with its principal place of business in Laramie, Wyoming.

2. On information and belief, Keegan McVeigh is a resident of Montana and has resided in Montana at all times relevant to this action.

3. MWFB is a citizen of Wyoming and Ms. Veigh is a citizen of Montana.

1

4.      This Court has subject matter jurisdiction over this action due to diversity of the parties pursuant to 22 U.S.C. § 1332.

5.      This Court has personal jurisdiction over Ms. McVeigh pursuant to a Settlement and Release Agreement entered into by MWFB and Ms. McVeigh on November 27, 2023.

6.      MWFB seeks a declaration of the coverages, exclusions, and conditions set forth in Policy number CP005526 (the "Policy") issued by Plaintiff to Gordon and Diane Herring in the state of Wyoming. A true, accurate, and complete copy of the Policy is attached hereto as *Exhibit A*.

7.      Venue is therefore appropriate pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to MWFB's claims have occurred in Wyoming and a substantial part of the property that is the subject of this action is situated in Wyoming.

### B.    STATEMENT OF RELEVANT FACTS

8.      MWFB realleges each of the facts set forth in paragraphs 1 through 7 of this Complaint, and incorporates those facts as though fully set forth herein.

9.      This case arises from a single vehicle accident that occurred on August 17, 2019 near Cheyenne, Wyoming (the "Accident").

10.      Cesar Herring was driving the 2001 Toyota Tacoma involved in the Accident.

11.      Ms. McVeigh was a passenger in the vehicle involved in the Accident.

12.      Gordon Herring was the owner of the vehicle involved in the Accident.

13.      Gordon Herring was not involved in the accident.

14.      Cesar Herring had Gordon's permission to use the vehicle involved in the Accident.

15.      Cesar Herring is Gordon's grandson – the child of Gordon's son Gary Herring.

16. The vehicle involved in the accident was insured under the Policy issued to Gordon and Diane Herring.

17. The Policy contains Auto Liability Coverage with combined single limits of $500,000.00 for the named insureds and their relatives, subject to the terms, conditions, and exclusions set forth elsewhere in the Policy. *Ex. A, Policy at MWFB-Herring 000018.*

18. The Auto Liability Coverage limits for any other person using a named insured's auto with the permission of the named insured are $25,000.00 per person or $50,000.00 per occurrence, subject to the terms, conditions, and exclusions set forth elsewhere in the Policy. *Ex. A, Policy at MWFB-Herring 000018.*

19. Pursuant to the Auto Liability Coverage

> [MWFB] will pay damages an "insured" legally must pay for "bodily injury" or "property damage" due to an "occurrence". The "occurrence" must arise out of the use of an "insured auto" or "non-owned auto".
> * * * * *

*Ex. A, Policy at MWFB-Herring 000044.*

20. The Policy defines an "insured" as follows:

> **"Insured"** means:
> 1. "You":
>    a. If "you" are an individual, "insured" also means "relative".
>    b. If "you" are an organization other than an individual, "insured" also means "your" partners, officers, members, or directors.
> 2. Anyone using an "insured auto" within the scope of "your" permission.

*Ex. A, Policy at MWFB-Herring 000052.*

21. The vehicle driven by Cesar Herring at the time of the accident was an "insured auto."

22. Cesar Herring was an "insured" because he was using an "insured auto" at the time of the accident with the permission of Gordon Herring.

23. The Policy, however, contains the following condition limiting coverage:

> 4. **Limit – Coverage N – Liability.**
> \* \* \* \* \*
> Coverage N is not personal to or portable by an "insured" or anyone using an "insured auto" or "non-owned auto".
> a. "Our" limit of liability for "you" or "your" "relative" is the amount shown in the "Declarations."
> b. "Our" limit of liability for an "insured" other than "you" or "your" "relative" will be:
>    (1) $25,000 per person and $50,000 per "occurrence" for "bodily injury"; and
> \* \* \* \* \*

*Ex. A, Policy at MWFB-Herring 000050.*

24. The reduced liability limits of $25,000 per person and $50,000 per occurrence apply in this situation because Cesar Herring was not a named insured listed in the declarations, the spouse of a named insured, or a "relative" of a named insured.

25. The Policy defines "you" and "your" to mean:

> 1. The "named insured" shown in the "Declarations"; and
> 2. The spouse if a "resident" of the same household. …
> \* \* \* \* \*
> 3. A partnership, corporation, estate, limited liability company, or trust shown in the "Declarations".

*Ex. A, Policy at MWFB-Herring 000044.*

26. Cesar Herring was not a named insured. *Ex. A, Policy at MWFB-Herring 000002.*

27. The Policy defines the term "relative" as follows:

> **"Relative"** means a person who is a "resident" of "your" household and is related to "you" by blood, marriage, or adoption. "Relative" also includes "your" foster children who are "resident" of "your" household.

*Ex. A, Policy at MWFB-Herring 000054.*

4

28. The Policy defines the term "resident" as follows:

> **"Resident"** means a person who physically resides in "your" household on a permanent basis. This includes:
> 1. "your" foster child who physically resides in "your" household pursuant to an agreement or order placing the foster child in "your" care or custody.
> 2. "your" unmarried child enrolled in school full-time, as defined by the school if:
>    a. they are a "resident" prior to moving to attend school; and
>    b. are under the age of 26.
>
> "Your" child serving on military active duty is not a "resident."

*Ex. A, Policy at MWFB-Herring 000054.*

29. On information and belief, Cesar Herring resided with Gordon Herring for a short time prior to June of 2018.

30. On information and belief, Cesar Herring enrolled in an education program at the Job Corps campus in Clearfield, Utah in June of 2018.

31. On information and belief, Cesar Herring graduated from Job Corps in February of 2019.

32. On information and belief, Cesar Herring was employed by Noorda Building Envelope Contractors in Salt Lake City, Utah from sometime after his graduation in February of 2019 to sometime prior to the accident.

33. Cesar Herring did not physically reside in Gordon and Diane's household at any time after his enrollment with Job Corps in June of 2018.

34. Cesar Herring did not reside in Gordon Herring's household on a permanent basis at the time of the accident.

35. Cesar Herring was not enrolled in school full-time at the time of the accident.

36. Cesar Herring was also not a resident because he is not the child of Gordon and Diane Herring.

5

37. Because Cesar Herring was not a "resident" of Gordon and Diane Herring's household, he was not a "relative" of Gordon and Diane Herring as that term is defined in the Policy.

38. Because Cesar Herring was not a "relative" of Gordon and Diane Herring, as that term is defined in the Policy, and was not a named insured listed in the Declarations, he is only entitled to auto liability coverage in the amount of $25,000 per person or $50,000 per occurrence for bodily injury.

39. MWFB has agreed to pay Ms. McVeigh $25,000.00 as the liability limits available pursuant to the Policy.

## COUNT ONE:
## DECLARATORY RELIEF

40. MWFB realleges each of the facts set forth in paragraphs 1 through 39 of this Complaint, and incorporates those facts as though fully set forth herein.

41. This Court has authority pursuant to 28 U.S.C. § 2201 to declare the rights and other legal relations of any interested party in a case of actual controversy within its jurisdiction.

42. An actual controversy exists between MWFB and Ms. McVeigh in this case.

43. The parties agree that Ms. McVeigh is entitled to $25,000.00 from the Policy issued to Gordon and Diane Herring, but an actual controversy exists because Ms. McVeigh claims that the full limits of $500,000.00 are available.

44. Coverage for the negligence of Cesar Herring is limited to $25,000.00 pursuant to the Policy's limit for Coverage N – Liability. *See Ex. A, Policy at MWFB-Herring 000050.*

45. Cesar Herring was not a named insured or spouse of a named insured.

46. Cesar Herring was not a "relative" of Gordon and Diane Herring as that term is defined in the Policy because he was not a "resident" of the Herrings' household at the time of the

accident.

47. Cesar Herring was not a "resident" of Gordon and Diane Herring's household at the time of the accident because he did not physically reside in the Herrings' household at the time of the accident.

48. Cesar Herring was also not a "resident" of Gordon and Diane Herring's household at the time of the accident because he was not the Herrings' child.

49. Cesar Herring was also not a "resident" of Gordon and Diane Herring's household at the time of the accident because he was not enrolled in school full time at the time of the accident.

50. Because Cesar Herring was not a "relative" of Gordon and Diane Herring at the time of the accident, the Policy only provides coverage of $25,000.00 per person for the negligence of Cesar Herring.

51. Ms. McVeigh is not entitled to any sums in excess of $25,000.00 from MWFB pursuant to the terms, conditions, and exclusions set forth in the Policy.

**WHEREFORE,** MWFB prays that this Court enter its judgment in favor of MWFB and against Ms. McVeigh, and that this Court grant the following relief:

A. A declaration that Cesar Herring was not a resident of Gordon and Diane Herring's household at the time of the accident pursuant to the terms, conditions, and exclusions set forth in the Policy;

B. The maximum limits of liability available to Ms. McVeigh from the Policy for the alleged negligence of Cesar Herring is $25,000.00; and

C. Such other and further relief as is appropriate under the circumstances.

**DATED** this 30th day of November 2023.

*[signature]*

Patrick M. Brady, WSB # 7-5494
Kay Lynn Bestol, WSB# 5-2949
2020 Carey Ave, Suite 301
Cheyenne, WY  82001
307.632.6421 (voice)
307.432.6124 (Direct Number)
307.632.7216 (fax)
pbrady@spkm.org
kbestol@spkm.org
*Attorneys for Plaintiff*